UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRYL A. BACA,

        Plaintiff,

   v.

ROBERT A. HOREL, Warden; S. L. KAYS; D. O'DONNELL; and J. BURLESON,

        Defendants.

        No. C 07-1987 PJH (PR)

        **ORDER OF DISMISSAL**

    Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the filing fee.

**DISCUSSION**

**A.   Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations

omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.[1]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff complains that defendant Kays, an associate warden, cut off his wife's visiting rights for two years on grounds she was involved in gang activity and had assisted him in directing gang activity from the prison. He asserts that this violated his due process and equal protection rights under the federal and state constitutions.

Interests protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the states. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest,

---

[1] *Bell Atlantic Corp.* disapproved the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41 (1957). *Conley* had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. *Bell Atlantic Corp.* decided that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp*, 127 S. Ct. at 1969.

2

1  provided that (1) state statutes or regulations narrowly restrict the power of prison officials
2  to impose the deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the liberty in
3  question is one of "real substance." *Id.* at 477-87.  In the latter, and more common state
4  law scenario, "real substance" will generally be limited to freedom from (1) restraint that
5  imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents
6  of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a]
7  sentence," *id.* at 487.

8  A prisoner's interest in unfettered visitation is not guaranteed by the Due Process
9  Clause itself, *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989), but
10 because California has created regulations from which a protected interest in visitation
11 could arise, a court must also whether the regulations creating the right to participation in
12 the program narrowly restrict the power of prison officials to deny inmates visitation, and
13 whether the deprivation suffered due to a denial of visitation is one of "real substance."
14 *See Sandin*, 515 U.S. at 477-87.

15 Looking at the regulatory language, California Code of Regulations title 15, section
16 3170.1 sets forth general substantive criteria which must be followed and circumstances
17 under which visitation must be approved.  However, section 3172.1(b) specifically provides
18 that visitation may be discretionarily denied for reasons other than those set forth in the
19 regulations and section 3170.1(c) states that visits are subject to denial or restriction as
20 necessary to provide fair allocation of prison resources.  This reservation of the right to
21 allow and disallow visits "is not such that an inmate can reasonably form an objective
22 expectation that a visit would necessarily be allowed absent the occurrence of one of the
23 listed conditions." *See Thompson*, 490 U.S. at 464-65 (finding no protected liberty interest
24 in Kentucky regulations).  Because a visit may be denied regardless of compliance with
25 substantive criteria, this language is not sufficiently mandatory to meet the first prong of the
26 *Sandin* test, and therefore no protected liberty interest requiring constitutional protection is
27 created.

28 In addition, the right to freedom of association is among the rights least compatible

3

with incarceration. *Overton v. Bazzetta*, 539 U. S. 126, 131 (2003). Thus the denial of visitation does not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 487. For these reasons, there is no due process right in visitation in California prisons. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (prisoner has no constitutional right to access to a particular visitor).

Plaintiff also has failed to state a plausible equal protection claim. He compares himself with inmates who have received rule violation reports, and who therefore receive a hearing and due process, when he has not been issued a rule violation report – that is, he is not similarly situated to inmates who have been given such reports.

Plaintiff has failed to state a claim for federal relief that is plausible on its face. The federal claims will be dismissed with prejudice. Because the court declines to retain jurisdiction over the state-law claims, those claims will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The federal claims are **DISMISSED** with prejudice. The supplemental state law claims are **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 15, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\BACA1987.DSM.wpd

4